IV

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

FILED
JUN 30 2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA

CASE No.: 1:23-cr-97

vs.

CHRISTOPHER SCOTT
Defendant.
_______________________________/

## HYBRID MOTION WITH OBJECTIONS TO PRE-SENTENCE REPORT

NOW COMES, The Defendant, Christopher Scott, with this Hybrid Motion With Objections to Pre-Sentence Report. Mr. Scott is represented by Joshua Adams. Mr. Scott has made several documented attempts, dating back to April 18, 2025 to speak with Mr. Adams, retained counsel in regards to his case, sentencing and PSR challenges (see exhibit) to no avail.

## BACKGROUND

Mr. Scott was originally charged with four (4) counts of wire fraud, radio or television, as part of a 14 count indictment. Ultimately, the defendant pled guilty on April 4, 2025 to Count 5, Wire Fraud. The rest of the charges were dropped. Mr. Scott has tried repeatedly to meet with Mr. Adams in regards to sentencing, sentencing mitigation, sentencing memorandum and preparing objections to PSR. Adams has not had a meeting or meaningful conversation with the defendant since April 18, 2025.

Mr. Scott received a copy of his PSR on May 23, 2025 therefore objections should have been lodged with The Court by June 4, 2025. Mr. Adams told the defendant he had until June 25, 2025 and even then Adams has texted Mr. Scott saying:

"Good Morning I'm out of town, do you want to go over in person or on phone? In person lets meet next week. I can get extensions and don't worry about deadlines". [in regards to rules of criminal procedure and deadlines from this honorable court](See exhibit). This message was received on June 24, 2025 after repeated texts and voicemail messages to lodge these objections to the PSR.

**HYBRID MOTION**

In *United States v. Jones*, 938 F.2d 737, the court permitted a form of hybrid representation where the defendant, dissatisfied with her counsel, was allowed to file pro se documents that the court would consider alongside her counsel's representation. This was granted as a discretionary measure, not as a right, and was contingent on the specific circumstances of the case *United States v. Jones*, 938 F.2d 737. Similarly, in *United States v. James*, 487 F.3d 518, the court allowed the defendant to argue his pro se motions to supplement those filed by his attorney, considering his intelligence and the effort he had put into his filings.

Because Mr. Adams continues to ignore Mr. Scott's pleas for counsel he has no choice but to bring this hybrid motion. Furthermore, Scott does not want to appear ill prepared in the face of The Court after being told "don't worry about deadlines". So he shall proceed with his objections to the pre-sentence report at this time.

## OBJECTIONS TO PRE-SENTENCE REPORT

I. *Actual Loss v Intended Loss; the Greater of the two (2); Amendment 827*

The PSR stipulates that the total intended loss is $1.8 million dollars in totality, stemming from $1.4 million intended loss & $393,000 actual loss. The objection is that under the new amendment 827 of the United States Sentencing Guidelines (USSG) states specifically, that loss for the purposes of economic crimes is the greater of the two (2), intended loss **or** actual loss in a case, not an aggregate of both.

Therefore, by properly assessing the greater of the two (2), under the guidelines of the new amendment, Scott would not be subject to a 16 point enhancement, but rather a 14 point enhancement. As per Amendment 827, the Court should go with the greater of the two (2). In this case, that would be the intended loss of 1.4m. Thus, Scott would be below the category of an intended loss of 1.5m-3.5m, and be given the 14 point enhancement instead of the 16 point enhancement.

As such, Scott's intended loss of 1.4m is below the 1.5m required for the 16 point enhancement, and thus being at the 1.4m intended loss, he would only have 12 points instead of 16.

II. *The PSR incorrectly assesses Scott a 2 point enhancement by classifying the "Day Care" center operation as an "educational organization".*

In matters like this the Federal Court falls back to the state law classification. In this case the state of Illinois does NOT consider day care centers an "educational organization" as they do not receive the same benefits as educational organizations. Under the Illinois childcare act ""any institution or place... which receives more than 3 children under 18 years of age for care for less than 24 hours per day, apart from the parents." (1. Child Care Act of 1969 (225 ILCS 10/2.09). In this case the two point enhancement should not be assessed.

III. *The government is proposing an enhancement for "obstruction of justice" through the alleged. "intimidation of a US Secret Service agent".*

During the conduct of this instant offense Mr. Scott went to the bank where the bank teller told him that a woman's name and number appeared in tandem with his on the account. Suspecting fraud, and expecting a civilian, Scott texted this name and number the following:

Scott: Hello Ma'am I called you last week and I'm trying to see why your number is on my bank account?

Scott: Hello

Scott: Yoooooo

Scott: Let me do some more digging

After receiving a letter in the mail in regards to the seizure or "freezing" of the bank account from Secret Service, Scott added these two lines to the text stream none of which are "intimidating"

Scott: Secret Service

Scott: Lydia Sizemore

**Black's Law Dictionary (11th ed. 2019) Definition Intimidating (adj.):** "Causing fear or apprehension; inspiring fearfulness; tending to coerce or deter by threats."

As The Court can see from this transcription and attached exhibit there are no elements of intimidation in this text message stream from the defendant.

IV. *Two points assessed for "being on probation" when catching this instant offense*.

In 2023 the United States Sentencing Commision (USSC) codified an amendment called 821 where Part A requires a two point deduction or two point downward variance for assessing points while on probation. There is no reason that Scott does not qualify for this deduction.

V. *Objection to Criminal History Points (entry 58)*

The charge in question (Access Device Fraud) was 4/28/03. Mr. Scott was released from federal supervised release in March 2007 over 15 years, therefore this event should be assessed 0 criminal history points.

VI. *Objection to Allegation of Breaking into Locked mailbox(es)*

In (D.E. # 92, Page 3) the Government sets-forth that the Defendant ..."Scott likely broke into a locked mailbox or a legitimate company called EZLinks Golf Holdings, LLC, stole a check issued to this small business....". The Government is well aware that the Defendant stated that he was handed these particular checks during an interview with the government. The Defendant never stated that he had broken into any locked mailbox(es). The Defendant objects to this erroneous detail by the government where it could prejudice the defendant during sentencing, causing a possible uncharged conduct enhancement.

VII. *Objection to alleged 7 PPP Loans ( Document #92 Page 7)*

The defendant only was involved in 4 PPP loans, not seven (7). The 393K of actual loss listed as culpability by the defendant encompassed only 4 PPP loans. The Government is fully aware of this fact and attempting to add an additional 3 PPP loans

to make a total of seven (7), will affect the defendant during sentencing and possibly increase the guideline range of sentencing. The Defendant objects to being involved in 7 PPP loans.

VIII. *Objection to (D.E. # 92 Page 8), where the government states that the defendant's company, Opulent Credit Builders is a fraudulent company.*

The defendant owns this company and it has been legitimately running since 2010. It is a legally registered company with the Divisions of Corporations in the State of Illinois. No reason why the government should state that it's a fraudulent company. This can affect the defendant with relevant conduct or 404b style culpability during sentencing.

IX. *Objection to the statement by the government, ..."crime motivated by greed".*

See. (D.E. # 92 Page 8). The circumstances were motivated by necessity....not greed. The government became aware of this when the defendant was interviewed by the government. The defendant explained that he was going through a financial hardship. The Defendant detailed the specifics during the interviews with the government. The defendant never stated that he committed the alleged offenses due to greed but rather he stated that there were financial hardship situations he was facing. He would like mitigating circumstances to be considered in this regard.

**CONCLUSION**

Scott has tried repeatedly to speak with counsel in regards to this case and these challenges however he has not responded, set a meeting either by phone or in person. Further, he has advised the defendant that deadlines were not important. At this time Scott does wish to lodge these objections to the pre-sentence report and ask for a 90 day continuance so that he and Mr. Adams can adequately prepare for sentencing.

The Defendant does not believe that the 96 month proposed sentence by the PSI is correct, with the proper adjustments, the defendant should be closer to a 44-56 month sentence under the circumstances surrounding this cause.

Dated: June 30, 2025

Respectfully Submitted,

/s/ [signature]

Christopher Scott
11060 Frances Lane
Palos Park, IL 60464

## CERTIFICATE OF SERVICE

I swear under the penalty of perjury that I have mailed and caused to be served a copy of the foregoing pleading upon the AUSA in the case, at the U.S. Attorney's Office, Northern District of Illinois & the U.S. Clerk of Court, Northern District of Illinois, to forward to all interested parties in this case through the ECF. On this 30th Day of June 2025. In Palos Park, IL 60464.

/s/ Christopher Scott

Christopher Scott

Exhibit "A"

8:10

AA

Attorney Josh

anything that means I'm in agreement with it.

Today makes the 12 day

Tuesday 9:46 AM

Good morning. we have to go over the PSI and the last date to do that I see is tomorrow.

I've been calling you and you haven't answered my calls at all: I've paid you In full

Good morning. I'm out of town do you want to go over in person or on phone? If in person let's meet next week. I can get extensions and do not worry about deadlines

Thanks so much for responding back to me. Let's go over it in person please when you get back

Delivered

iMessage

Cash

Exhibit "B"

In that regard, the government submits herewith as **Exhibit 2** an additional law enforcement report detailing Scott's efforts to intimidate the former U.S. Secret Service case agent Lydia Sizemore in May 2021, by, among other methods, calling her repeatedly and texting her "Hello…Yooooo…Let me do some more digging…Secret Service…Lydia Sizemore." A screenshot from Agent Sizemore's government issued cell phone obtained near the date of the incident is below:




*See* Ex. 2 at 2. The PSR also refers to this incident. PSR ¶ 23.